H. W. MEISNER v. THE STATE.

No. 5474.    Decided June 15, 1921.

**Pure Food Law—Statutes Construed—Insufficiency of the Evidence—Variance.**

Where defendant was prosecuted under the pure food law, Article 735, P. C., for the manufacture and sale of a concentrated commercial feeding stuff, to wit, ordinary cottonseed meal, the contention of defendant that the penalty prescribed by said article does not attach to the commodity which is described in the information, for the reason that cottonseed meal is defined as concentrated feeding stuff and not included within the definition of concentrated commercial feeding stuff, is well taken and the judgment must be reversed and the cause dismissed.

Appeal from the County Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of selling, and manufacturing concentrated feeding stuff, to-wit, ordinary cottonseed meal; penalty, a fine of $100.

The opinion states the case.

*N. P. Woodward,* for appellant.—Cited French v. State, 14 Texas Crim. App., 76; Hall v. State, 188 id., 1002; Harris v. State, 58 Texas Crim. Rep., 523.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The information avers that the appellant, as agent of "an incorporated company engaged in the manufacture and sale of a *concentrated commercial feeding stuff,* in the County of Bell and State of Texas, to-wit: ordinary cotton seed meal,"

and that as such agent he sold "twenty bags or sacks of cotton seed meal, each bag' or sack containing cotton seed meal, had a label thereon stating that said feeding stuff contained a larger percentage of protein, fat, or nitrogen-free extract than was then and there actually contained therein, and a smaller per cent of crude fiber than was then and there actually contained therein."

His conviction resulted, and his punishment was fixed at a fine of one hundred dollars.

The law under which the prosecution is pursued is contained in Gammel's Laws of 1905, Chap. 108, page 208, and of 1907, Chap. 131, page 244, and the Acts of the 35th Leg., Chap. 106, page 296. See also Vernon's Texas Penal Code, Title 12, Chap. 4. The references to articles are from Vernon's Code.

Article 730 contains the following:

"Every lot or parcel of concentrated feeding stuffs, as defined in article 732, used for feeding farm live stock, sold, offered or exposed for sale in the State of Texas, for use within this State, shall have printed on a tag, described in article 734, a plainly printed statement clearly and truly certifying the number of net pounds of feeding stuff in the package, stating the name or names of material of which such weight is composed, where the contents are of a mixed nature, the name, brand or trade-mark under which the article is sold, the name and address of the manufacturer or importer, the place of manufacture, such information as is required by article 740, if any, and a chemical analysis stating the minimum percentages it contains of crude protein, allowing one per cent of nitrogen to equal six and one-quarter per cent of protein, of crude fat, of nitrogen-free extract, and the maximum percentage it contains of crude' fiber; these constituents to be determined by the methods adopted at the time by the association of official agricultural chemists of the United States. Mill products, hereinafter mentioned, shall have the following standard weight." (Here follows a statement of the standard weights). "And any person, firm or association of persons engaged in the manufacture of mill products of any character whatsoever, who shall use any bag, box, barrel or any other receptacle, into which to put such product other than the one bearing the name of such mill manufacturing the same, shall be guilty of a misdemeanor, and, upon conviction therefor, shall be fined in any sum from one hundred dollars to one thousand dollars, or, in addition thereto, be confined in the county jail for a term of thirty days, or both such fine and imprisonment."

Article 732 defines "concentrated feed stuff" naming various articles, including cotton seed meal.

Article 731 is as follows:

"The term, 'concentrated commercial feeding stuffs,' as herein used, shall not include hay or straw, the whole seed or grains of wheat, rye, barley, oats, Indian corn, rice, buckwheat or broom corn, or any other whole or unground grains or seeds." (Act. 1905, p. 207).

Article 734 declares that the manufacturer, importer, agent or seller of each *concentrated commercial feeding stuff,* as defined in Article 731, shall affix to each lot shipped a tag described in the statute, the form of which shall be furnished by the Texas Agricultural Experiment Station.

Article 735 is as follows:

"Any manufacturer, importer or agent, selling, offering or exposing for sale, any *concentrated commercial feeding stuff,* as defined in article 731 without the statement required by article 730, and the tax tag required by article 734, or with a label, stating that said feeding stuff contains substantially a larger percentage of protein, fat or nitrogen-free extract, or a smaller quantity of crude fiber than is contained therein; and any person violating any other provision of this law, shall, on conviction in a court of competent jurisdiction, be fined not less than one hundred dollars nor more than five hundred dollars for the first conviction, and not less than five hundred nor more than one thousand dollars for each subsequent conviction." (Act 1905, p. 207, Sec. 6; Act 1907, p. 245).

The point is made against the prosecution that the penalty prescribed by Article 735 does not attach to the commodity which is described in the information for the reason that cotton seed meal is defined as *"concentrated feeding stuff"* and not included within the definition of *"concentrated commercial feeding stuff."* The Legislature has seen fit to differentiate between the classes of commodities so defined and to prescribe different regulations concerning these respective classes; and also to prescribe different penalties. The penalty prescribed in Article 730, which we quoted, has application to *"concentrated feeding stuff,"* while that prescribed by Article 735 is applied to *"concentrated commercial feeding stuff"* so far as it relates to the form of label with reference to which the appellant is charged with having violated the statute. The label which the information alleges was placed on the cotton seed meal which the appellant shipped is described only in Article 735. The statute is so drawn that it is very difficult of understanding. It intermingles regulations, violations of which are denounced as criminal, with others that are not so denounced, and provides different penalties for some of the acts and omissions from that prescribed for others to a degree that renders it confusing. If we comprehend its provisions, however, it omits to provide any penalty for the sale of *"concentrated commercial feeding stuff"* to which there is attached a label such as is described in the information.

It follows that, in our opinion, the indictment charges no offense.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*